**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**JAMES D. BREWER, Personal**
**Representative of the Estate of Walter Lyle**
**Brewer, deceased,**

                  **Plaintiff,**

**-vs-**                                                                   **Case No.  2:04-cv-613-FtM-33DNF**

**STOP STICK, LTD., STOPTECH, LTD,**
**aka Stoptech Ltd., L.L.C.,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS OR TO STRIKE COUNTS FIVE AND SIX OF THE PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 30)** |
| **FILED:** | **August 16, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Defendant, Stoptech, Ltd. filed its Motion to Dismiss or Strike Counts Five and Six of the Amended Complaint. This matter was referred to this Court by the Honorable Virginia Hernandez Covington, United States District Judge by Order (Doc. 31) dated August 17, 2005.

Plaintiff filed an Amended Complaint alleging that Defendants were strictly liable and negligent concerning their manufacturing and distributing of Stop Sticks. The Amended Complaint

contains the following allegations. On July 31, 2003, decedent Walter Lyle Brewer was driving his 2001 Ford pickup truck traveling west on State Road 72. At the same time, law enforcement officers from the Charlotte County and DeSoto County Sheriffs' Offices were engaged in a high-speed chase of a Jeep traveling east on State Road 72. DeSoto County Sheriff's deputies placed Stop Sticks in the eastbound lane of State Road 72. Stop Sticks are devices that are intended to flatten tires of vehicles in high-speed pursuits. When the Jeep struck the Stop Stick, the Jeep's front tires began to deflate. The Jeep then entered the westbound lane of State Road 72 and collided with the Ford truck driven by decedent. Plaintiff claims that the Jeep's flat tires were the proximate cause of the accident. Walter Lyle Brewer died as a result of injuries sustained by the collision of the two vehicles. The DeSoto County Sheriff's deputies failed to stop oncoming traffic. Count One is a claim for strict liability against Stop Stick, Ltd. for failure to warn; Count Two is a claim for negligence against Stop Stick, Ltd. for failure to warn; Count Three is a claim for strict liability against Stoptech, Ltd. for failure to warn; Count Four is a claim of negligence against Stoptech, Ltd. for failure to warn; Count Five is a claim of strict liability against Stoptech, Ltd. for failure to properly instruct or train; Count Six is a claim for negligence against Stoptech, Ltd. for failure to properly instruct or train; Count Seven is a claim of negligence against Ford Motor Company; and Count Eight is a claim of strict liability against Ford Motor Company. Defendants are requesting that Counts Five and Six of the Amended Complaint be dismissed.

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir. 1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp.

1383, 1385 (M.D. Fla. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*).

Defendants are requesting that Count Five which alleges a strict liability claim for failure to properly instruct or train be dismissed for failure to state a claim upon which relief may be granted. Defendants argue that there is no strict liability for a breach of a duty under Florida common law. Count Five alleges that the DeSoto County Sheriff's Office purchased numerous Stop Sticks and that Stoptech, Ltd. provided instruction and training to the DeSoto County Sheriff's Office personnel. Plaintiff claims that Stoptech, Ltd. failed to properly instruct or train the DeSoto County Sheriff's Office personnel related to the use of the Stop Sticks, and Stoptech, Ltd. is strictly liable for the injuries and damages suffered by the decedent.

It is clear under Florida law that "strict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *West v. Catepillar Tractor Company, Inc.*, 336 So.2d 80, 86-87 (Fla. 1976). In addition, Florida courts have recognized that a device may be found defective by virtue of a defective warning. *Ferayorni v. Hyundai Motor Company*, 711 So.2d 1167, 1169 (Fla. 4th DCA 1998). Further, manufacturers and sellers of inherently dangerous products "have a duty to give users a fair and adequate warning of its dangerous potentialities." *Edwards v. California Chemical Company*, 245 So.2d 259, 263 (Fla. 2nd DCA 1971). Plaintiff argues that the failure train or instruct is a separate cause of action from failure to warn for a strict liability claim. Plaintiff has failed to cite to any cases where a court found that strict liability may apply to failure to train or

instruct. The only cases cited dealt with the failure to warn. The Court could not find any cases that support a strict liability claim for failure to warn or instruct. Therefore, the Court concludes that Count Five of the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

Defendants next contend that Count Six should be stricken as redundant. Fed.R.Civ.P. 12(f) provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

"Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored by courts." *Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, 941 F.Supp 1182, 1184 (M..D. Fla., 1996). Defendants argue that Count Six which is a claim for negligent failure to instruct or train is duplicative of Count Four which is a claim for negligent failure to warn.

A cause of action for failure to warn includes the elements of a manufacturer having a duty to warn of the dangerous contents of its product which could cause injury or damage even when the product is not used for its intended purpose. *Griffin v. Kia Motors Corp.*, 843 So.2d 336, 339 (Fla. 1st DCA 2003), citing *High v. Westinghouse Elec. Corp.*, 610 So2d 1259, 1262-63. (Fla. 1992). The elements for a negligent failure to warn or instruct are that the manufacturer has a duty to warn or instruct, and if the warning is inadequate, and the proximate cause of the injury then, the manufacturer is liable for the injuries. *See*, *Lopez v. Southern Coatings, Inc.*, 580 So.2d 864, 865 (Fla. 3rd DCA

1991). Plaintiff failed to cite to any cases that involved a negligent failure to train or instruct in the product liability context.

In Count Four, Plaintiff alleges that the personnel in the Sheriff's Office were not warned to stop approaching traffic and the Deputies did not warn the drivers of vehicles approaching the location of the Stop Sticks of any dangers. In Count Six, Plaintiff alleges that Stoptech, Ltd. had a duty to the public to instruct and train the deputies in the proper and safe use of Stop Sticks, and Stoptech, Ltd.'s negligent failure to adequately instruct and train the deputies concerning approaching traffic and the failure to train the deputies to warn the drivers of vehicles of approaching traffic constitutes negligence. Although the Court is aware that motions to strike are disfavored, the Court concludes that Counts Four and Six are redundant and allege the same cause of action of failure to warn or instruct. In both Counts, Plaintiff claims that the failure on the part of Stoptech, Ltd. to warn or instruct of the danger to oncoming traffic constitutes negligence. The Court concludes that Count Six of the Amended Complaint should be dismissed as alleging a claim that is redundant of Count Four.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 26th day of September, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record