```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION

JAMES    D.    BREWER,    Personal
Representative  of  the  Estate  of
Walter Lyle Brewer, deceased,

               Plaintiff,

vs.                              Case No.   2:04-cv-613-FtM-33DNF

STOP STICK, LTD., STOPTECH, LTD, aka
Stoptech Ltd., L.L.C.,

               Defendants.
_____
```

### **ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. #32).  The Court grants in part and denies part.

### **I. Standard**

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  "Federal Rule of Civil Procedure 12(f) provides that the Court may order that 'any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter' be stricken from a pleading." Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170, at *1 (M.D.

Fla. June 17, 2005).  In assessing a motion to strike, "'the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting LeMaster v. USAA Life Insurance Co., No. 95-1124-CIV-T-17(E), 1995 WL 708656, at *1 (M.D. Fla. Nov. 27, 1995)).  "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Servs, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 73, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp., 211 F.R.D. at 683 (citing Anchor Hocking Corp. v. Jacksonville Electric Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  An affirmative defense is insufficient as a matter of law only if "it appears that the defendant cannot succeed under any set of facts which it could prove." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).  "'To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient" and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.'" Harvey, 2005 WL 1421170, at *1 (citing Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

## II. Analysis

Brewer petitions the Court to strike the ninth, tenth, eleventh, twelfth, fourteenth, twentieth, twenty-second, and twenty-third affirmative defenses. (Doc. #32 at 3). The Court will divide its analysis into three separate sections: one section addressing the twelfth, fourteenth, and twentieth affirmative defenses; one section addressing the twenty-second and twenty-third affirmative defenses; and one section addressing the ninth, tenth, and eleventh affirmative defenses.

A. *Twelfth, Fourteenth, and Twentieth Affirmative Defenses*

In attacking the twelfth, fourteenth, and twentieth affirmative defenses, Brewer claims that these defenses are not truly affirmative defenses, but rather attacks on Brewer's prima facie case.

As mentioned in the standard, Federal Rule of Civil Procedure 8(c) enumerates a non-exhaustive list of affirmative defenses. Defendant's twelfth, fourteenth, and twentieth affirmative defenses —unforseeability,[1] superseding event,[2] and lack of duty, respectively— do not appear on this list. Thus, to survive, these affirmative defenses must fall within the "any other matter constituting an avoidance or affirmative defense" category. Thus, the Court must determine the standard for discerning affirmative

---

[1] A roundabout attack on either the duty or causation elements required in claims for negligence and strict liability.

[2] A means of attacking causation.

defenses from non-affirmative defenses. Doing so, the Court references <u>Hassan v. United States Postal Serv.</u>, 842 F.2d 260 (11th Cir. 1988). In describing what constitutes an affirmative defense, the court in <u>Hassan</u> found that an affirmative defense is "any matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law." <u>Id.</u> at 263 (quoting 2A J. Moore, Moore's Federal Practice, para. 8.27[3] (2d ed. 1985)).

Since this is a diversity case, the applicable substantive law is Florida law. Thus, to determine whether Defendants' affirmative defenses controvert Brewer's prima facie case, we must establish what constitutes a prima facie case of negligence and strict liability —the categories encompassing Brewer's claims— in Florida. In Florida, to establish a claim for negligence in a product liability context the plaintiff must establish the following elements: "(1) a duty of care toward the plaintiff; (2) breach of that duty (or negligence); and (3) proximate cause." <u>Marzullo v. Crosman Corp.</u>, 289 F. Supp. 2d 1337, 1342 (M.D. Fla. 2003)(citing <u>Stazenski v. Tennant Co.</u>, 617 So. 2d 344, 345-46 (Fla. 1st DCA 1993)). In Florida, the only difference between a negligent failure to warn and failure to warn under a strict liability theory is "that a prima facie case of strict liability failure to warn does not require a showing of negligence." <u>Id.</u> at 1347. Thus, under both theories both duty and causation must be established.

In affirmative defenses twelve, fourteen, and twenty, the Defendants attack both the duty and causation elements of Brewer's claims. Thus, in reality, Defendants twelfth, fourteenth and twentieth affirmative defenses are attacks on Brewer's prima facie case rather than affirmative defenses. Since an affirmative defense is "any matter that does not tend to controvert the opposing party's prima facie case ....", and Defendant's twelfth, fourteenth, and twentieth affirmative defenses "controvert the opposing party's prima facie case", it stands to reason that the twelfth, fourteenth, and twentieth affirmative defenses are not valid affirmative defenses. Hassan, 842 F.2d at 263. Accordingly, the Court strikes the twelfth, fourteenth, and twentieth affirmative defenses.

B. *Twenty-Second and Twenty-Third Affirmative Defenses*

In their twenty-second and twenty-third affirmative defenses the Defendants allege that Brewer's claims are barred by the statute of repose and statute of limitations, respectively. As to each defense, Brewer asserts that Defendants cannot prove that Brewer's claims are barred by either the statute of repose or the statute of limitations. Florida courts have recognized that both the statutes of repose and the statute of limitations are affirmative defenses. See Doe v. Hillsborough County Hosp. Auth., 816 So. 2d 262, 264 (Fla. 2nd DCA 2002). Thus, unlike its analysis in the previous section, the Court need not determine whether the

-5-

twenty-second and twenty-third affirmative defenses are indeed affirmative defenses. Rather, the Court is tasked with determining whether the affirmative defenses constitute an insufficient defense.

In Reyher, the court found that "an affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." Reyher, 881 F. Supp. at 576. Thus, the question is: can Defendants prove any set of facts that would sustain its twenty-second and twenty-third affirmative defenses? As to each, the answer is in the affirmative. For instance —respecting the statute of limitations defense— if Defendants can prove that the accident occurred two years[3] before Brewer brought the case, then the Court must dismiss Brewer's claims. While the Court recognizes that the dates alleged in Brewer's complaint indicate that the action was brought within the statute of limitations (Doc. #32 at 5), the Court will not deprive the Defendants —in the form of striking their defense— of the opportunity to prove that the action was not brought within the statute of limitations. Similarly, the Court will not deprive the Defendants of the opportunity to prove that the statute of repose bars Brewer's claims. Under both defenses, facts may exist that would sustain the twenty-second and twenty-

---

[3] The statute of limitations on a wrongful death claim in Florida is two years. See § 95.11(4)(d), Fla. Stat. (2005).

third affirmative defenses. Accordingly, as to the twenty-second and twenty-third affirmative defenses, Brewer's motion is denied.

C. *Ninth, Tenth, and Eleventh Affirmative Defenses*

In accordance with Local Rule 3.01(g), Brewer conferred with opposing counsel. After doing so, Defendants agreed to withdraw their ninth, tenth, and eleventh defenses so long as Ford remains a co-defendant. Accordingly, the ninth, tenth, and eleventh affirmative defenses are stricken.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. #32) is GRANTED in part and DENIED in part. As to the ninth, tenth, eleventh , twelfth, fourteenth, and twentieth affirmative defenses, the motion is GRANTED and those affirmative defenses are stricken. As to the twenty-second and twenty-third affirmative defenses, the motion is DENIED.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>14th</u> day of October, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record